## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EXPRESS MOBILE, INC.,

                Plaintiff,

     v.

LIQUID WEB, LLC,

                Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Express Mobile, Inc. ("Express Mobile" or "Plaintiff"), for its Complaint against Defendant Liquid Web, LLC ("Liquid Web" or "Defendant") alleges the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2. Plaintiff is a corporation organized under the laws of the State of Delaware with a place of business at 3415 Custer Rd. Suite 104, Plano, TX 75023.

3. Upon information and belief, Liquid Web is a limited liability company organized and existing under the laws of Delaware, with a place of business at 2703 Ena Drive, Lansing, MI 48917 and can be served through its registered agent, National Registered Agents, Inc. 160 Greentree Dr., Suite 101, Dover, DE 19904.

4. Upon information and belief, Liquid Web sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products

and services that into the stream of commerce and that incorporate infringing technology

knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Laws of the

United States, Title 35 of the United States Code.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in this judicial district under 28 U.S.C. §1400(b).  On information

and belief, Defendant is incorporated in the State of Delaware.

8.      On information and belief, Defendant is subject to this Court's general and

specific personal jurisdiction because Defendant has sufficient minimum contacts within the

State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm

Statute because Defendant purposefully availed itself of the privileges of conducting business in

the State of Delaware and in this District, because Defendant regularly conducts and solicits

business within the State of Delaware and within this District, and because Plaintiff's causes of

action arise directly from each of Defendant's business contacts and other activities in the State

of Delaware and this District.  Further, this Court has personal jurisdiction over Defendant

because it is incorporated in Delaware and has purposely availed itself of the privileges and

benefits of the laws of the State of Delaware.

## COUNT I – INFRINGEMENT OF U.S. Patent No. 6,546,397

9.      The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated

into this First Claim for Relief.

10.     On April 8, 2003, U.S. Patent No. 6,546,397 ("the '397 patent"), entitled

"*Browser Based Web Site Generation Tool and Run Time Engine*," was duly and legally issued

by the United States Patent and Trademark Office.  A true and correct copy of the '397 patent is attached as Exhibit A.

11.     The inventions of the '397 patent resolve technical problems related to website creation and generation.  For example, the inventions enable the creation of websites through browser-based visual editing tools such as selectable settings panels which describe website elements, with one or more settings corresponding to commands, which features are exclusively implemented utilizing computer technology including a virtual machine.

12.     The claims of the '397 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '397 patent recite one or more inventive concepts that are rooted in computerized website creation technology, and overcome problems specifically arising in the realm of computerized website creation technologies.

13.     The claims of the '397 patent recite an invention that is not merely the routine or conventional use of website creation systems and methods.  Instead, the invention describes a browser-based website creation system and method in which the user-selected settings representing website elements are stored in a database, and in which said stored information is retrieved to generate said website.

14.     The technology claimed in the '397 patent does not preempt all ways of using website or web page authoring tools nor preempt the use of all website or web page authoring tools, nor preempt any other well-known or prior art technology.

15.     Accordingly, each claim of the '397 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

16.     In C.A. 2:17-00128, a case filed in the Eastern District of Texas, the defendant in that action, KTree Computer Solutions brought a Motion for Judgment on the Pleadings asserting that the '397 patent, along with U.S. Patent No. 7,594,168 (asserted in Count II below) were invalid as claiming abstract subject matter under 35 U.S.C. § 101.  (C.A. 2:17-00128 Dkt. 9.) Subsequent briefing included Plaintiff's Response and related Declarations and Exhibits (C.A. 2:17-00128 Dkt. 17, 22-24), KTree's Reply (C.A. 2:17-00128 Dkt. 25), and Plaintiff's Sur-Reply and related Declarations and Exhibits (C.A. 2:17-00128 Dkt. 26-27).  Each of those filings is incorporated by reference into this Complaint.

17.     After a consideration of the respective pleadings, Magistrate Judge Payne recommended denial of KTree's motion, without prejudice, holding that "the claims appear to address a problem particular to the internet: dynamically generating websites and displaying web pages based on stored user-selected settings" and further stating "the asserted claims do not bear all of the hallmarks of claims that have been invalidated on the pleadings by other courts in the past.  For example, the claims are not merely do-it-on-a-computer claims." (Dkt. 29, attached hereto as Exhibit C.)  No objection was filed to the Magistrate Judge's report and recommendation and the decision therefore became final.

18.     Plaintiff is the assignee and owner of the right, title and interest in and to the '397 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

19.     Upon information and belief, Defendant has and continues to directly infringe at least claims 1-6, 8-11, 14-15, 24-25, 35, and 37 of the '397 patent by using a browser-based website and/or web page authoring tool in which the user-selected settings representing website elements are stored in a database, and in which said stored information is retrieved to generate

said website (the "Accused Instrumentalities").  The Accused Instrumentalities include but are

not limited to the website building tools used and/or provided by Defendant, such as, for

example Drupal and/or Wordpress.  *See, e.g.*, https://www.liquidweb.com/kb/install-cms-cloud-

sites-one-click/; https://www.liquidweb.com/products/managed-wordpress/.

20.     On information and belief, Defendant is a for-profit organization with revenues of

approximately $70 million U.S.D. per year.  Moreover, Defendant, its employees and/or agents

utilize the Accused Instrumentalities in the building and/or hosting of websites for Defendant's

customers, leading to direct or indirect revenues and profit.  As one example of indirect profit,

entities such as Defendant will frequently offer website building and/or hosting services at

reduced pricing as an inducement to attract customers, who then purchase additional products or

services.  On information and belief, without the availability of infringing tools such as the

Accused Instrumentalities, Defendant would be at a disadvantage in the marketplace and would

generate less revenue overall.

21.     In particular, claim 1 of the '397 patent generally recites a method enabling

production of websites on and for computers with browsers and virtual machines, by presenting,

through a browser, a selectable settings menu describing elements, such setting(s) corresponding

to commands to the virtual machine; generating a display in accordance with selected settings;

storing information regarding selected settings in a database; generating a website at least in part

by retrieving said information; and building web page(s) to generate said website and a run time

file, where the run time file uses the stored information to generate virtual machine commands

for the display of at least a portion of web page(s).

22.     The Accused Instrumentalities infringe claim 1 of the '397 patent through a

combination of features which collectively practice each limitation of claim 1.  By way of

example, modern internet browsers such as Microsoft Internet Explorer, Mozilla's Firefox,

Apple Safari, Google Chrome, and Opera include virtual machines within the meaning of the

'397 patent.  (*See, e.g*., http://developer.telerik.com/featured/a-guide-to-javascript-engines-for-

idiots/; http://dictionary.reference.com/browse/virtual+machine?s=t).  The Accused

Instrumentalities support the use of the latest versions of Internet Explorer 11 or later, Microsoft

Edge, latest–1, Firefox latest, latest–1, Chrome latest, latest–1, Safari latest, latest–1 (Mac OS),

Safari Mobile for iPad 2, iPad Mini, iPad with Retina Display (iOS 7 or later), for desktop site,

Safari Mobile for iPhone 4 or later; iOS 7 or later, for mobile site, Chrome for mobile latest–1

(Android 4 or later) for mobile site, where *latest–1* means one major version earlier than the

latest released version.  (*See, e.g.,* https://www.drupal.org/docs/8/system-requirements/browser-

requirements; http://themeforest.net/category/wordpress.)  All of these browsers rely on browser

engines comprising virtual machines to interpret and execute JavaScript and HTML to render

web pages on a computer.

     23.     By way of further example, the Accused Instrumentalities enable users to produce

websites through browsers on users' computers via interaction with an Internet server.  For

example, in order to add a new page to a user's website, the user logs in and then a server of

the Accused Instrumentalities initiates presentation to the user through a browser of a website-

builder tool.  From the interface—sometimes referred to as a dashboard—of the Accused

Instrumentalities, the user can navigate and add elements and element properties commensurate

with a new page.  A display is generated in accordance with one or more user selected settings

substantially contemporaneously with the selection thereof.  This is performed, for example,

using a visual editing tool through a browser.  The WYSIWYG interface for selecting center

alignment of an image can also be accessed, and then the user can select various options such as

a font and paragraph styles.  After the user selects options such as image/text alignment or font and paragraph styles through the WYSIWYG editor, the display immediately updates to reflect the selected option.  Furthermore, when images are uploaded by a user, those images are displayed in approximately 0-2 seconds depending on file size and bandwidth.

24.     Data is stored in a database, including information corresponding to user selected settings such as, for example, the selections of text color.  Other user selections are also stored including, for example, the layout, image filenames, thumbnails, and paragraph margin settings for defining the alignment of an image location.  The Accused Instrumentalities build one or more web pages to generate a website from at least a portion of a database and at least one run time file, where at least one run time file utilizes information stored in said database to generate virtual machine commands for the display of at least a portion of said one or more web pages.

25.     At run time, at least some of these files use information stored in the database to generate the HTML for the final rendered HTML page.  This HTML represents virtual machine commands for display of the page because it is read and used by the applicable browser's engine, including a virtual machine, in order to render the page.  On information and belief, the Accused Instrumentalities further rely on the browser engine's component JavaScript engine to either display a portion of the page directly, or generate HTML to be executed for display by the main layout engine.

26.     Additionally, the "PHP code," including the PHP template files, can be viewed in the file directory for the Accused Instrumentalities, and this directory includes various other runtime files (including other PHP files, JavaScript files, PHTML, and/or XML).  It follows that a user will view the finalized website developed with said tools in a browser outside of the

website authoring environment to verify the website conforms to the intended design.  *See, e.g.,* https://techterms.com/definition/runtime.

27.     The presence of the above referenced elements are demonstrated, by way of example, by reference to publicly available information.  *See, e.g.,* https://www.drupal.org/home; https://www.drupal.org/docs/8/system-requirements/browser-requirements; https://www.drupal.org/project/ckeditor; https://www.drupal.org/docs/8/core/modules/ckeditor/overview; https://dev.acquia.com/blog/tutorial-drupal-8-wysiwyg-inline-and-responsive-images/10/03/2016/9821; Angela Byron, *Ultimate Guide to Drupal 8* at 4 (2016); https://www.drupal.org/docs/7/understanding-drupal/technology-stack; https://www.drupal.org/docs/8/system-requirements/web-server; https://www.drupal.org/docs/8/core/modules/rest/overview; https://www.drupal.org/docs/8/core/modules/serialization/overview; https://www.drupal.org/docs/8/understanding-drupal-8/overview; https://www.drupal.org/docs/develop/standards/css/css-architecture-for-drupal-8.  Regarding Wordpress, *see, e.g.,* http://themeforest.net/category/wordpress; http://codex.wordpress.org/Templates; http://codex.wordpress.org/Template_Hierarchy; http://codex.wordpress.org/Function_Reference/the_title; http://codex.wordpress.org/Function_Reference/the_content; https://www.wpbeginner.com/glossary/database/; https://codex.wordpress.org/Pages; http://codex.wordpress.org/Templates; http://codex.wordpress.org/Template_Tags/get_the_title; and http://codex.wordpress.org/Query_Overview.

28.     Claim 2 of the '397 patent generally recites an apparatus for producing websites on and for computers having a browser and a virtual machine, said apparatus comprising an interface to present a settings menu which describes elements, said panel presented through a browser, where the selectable setting(s) corresponds to commands to the virtual machine; a browser to generate a display in accordance with selected setting(s); a database for storing information regarding selected settings; and a build tool having run time file(s) for generating web page(s) and using stored information to generate commands to the virtual machine for generating at least a portion of web page(s).

29.     The Accused Instrumentalities infringe claim 2 of the '397 patent through a combination of features which collectively practice each limitation of claim 2.  By way of example, modern internet browsers such as Microsoft Internet Explorer, Mozilla's Firefox, Apple Safari, Google Chrome, and Opera include virtual machines within the meaning of the '397 patent.  (*See, e.g.*, http://developer.telerik.com/featured/a-guide-to-javascript-engines-for-idiots/; http://dictionary.reference.com/browse/virtual+machine?s=t).  The Accused Instrumentalities support the use of the latest versions of Internet Explorer 11 or later, Microsoft Edge, latest–1, Firefox latest, latest–1, Chrome latest, latest–1, Safari latest, latest–1 (Mac OS), Safari Mobile for iPad 2, iPad Mini, iPad with Retina Display (iOS 7 or later), for desktop site, Safari Mobile for iPhone 4 or later; iOS 7 or later, for mobile site, Chrome for mobile latest–1 (Android 4 or later) for mobile site, where *latest–1* means one major version earlier than the latest released version.  (*See, e.g.,* https://www.drupal.org/docs/8/system-requirements/browser-requirements; http://themeforest.net/category/wordpress.)  All of these browsers rely on browser engines comprising virtual machines to interpret and execute JavaScript and HTML to render web pages on a computer.

30.     By way of further example, the Accused Instrumentalities enable users to produce websites through browsers on users' computers via interaction with an Internet server.  For example, in order to add a new page to a user's website, the user logs in and then a server of the Accused Instrumentalities initiates presentation to the user through a browser of a website-builder tool.  From the interface—sometimes referred to as a dashboard—of the Accused Instrumentalities, the user can navigate and add elements and element properties commensurate with a new page.  A display is generated in accordance with one or more user selected settings substantially contemporaneously with the selection thereof.  This is performed, for example, using a visual editing tool through a browser.  The WYSIWYG interface for selecting center alignment of an image can also be accessed, and then the user can select various options such as a font and paragraph styles.  After the user selects options such as image/text alignment or font and paragraph styles through the WYSIWYG editor, the display immediately updates to reflect the selected option.  Furthermore, when images are uploaded by a user, those images are displayed in approximately 0-2 seconds depending on file size and bandwidth.

31.     Data is stored in a database, including information corresponding to user selected settings such as, for example, the selections of text color.  Other user selections are also stored including, for example, the layout, image filenames, thumbnails, and paragraph margin settings for defining the alignment of an image location.  The Accused Instrumentalities build one or more web pages to generate a website from at least a portion of a database and at least one run time file, where at least one run time file utilizes information stored in said database to generate virtual machine commands for the display of at least a portion of said one or more web pages.

32.     At run time, at least some of these files use information stored in the database to generate the HTML for the final rendered HTML page.  This HTML represents virtual machine

**Page 10 of 29**

commands for display of the page because it is read and used by the applicable browser's engine, including a virtual machine, in order to render the page. On information and belief, the Accused Instrumentalities further rely on the browser engine's component JavaScript engine to either display a portion of the page directly, or generate HTML to be executed for display by the main layout engine.

33. Additionally, the "PHP code," including the PHP template files, can be viewed in the file directory for the Accused Instrumentalities, and this directory includes various other runtime files (including other PHP files, JavaScript files, PHTML, and XML). *See, e.g.,* https://techterms.com/definition/runtime.

34. It follows that a user will view the finalized website developed with said tools in a browser outside of the website authoring environment to verify the website conforms to the intended design.

35. The presence of the above referenced elements are demonstrated, by way of example, by reference to publicly available information. *See, e.g.,* https://www.drupal.org/home; https://www.drupal.org/docs/8/system-requirements/browser-requirements; https://www.drupal.org/project/ckeditor; https://www.drupal.org/docs/8/core/modules/ckeditor/overview; https://dev.acquia.com/blog/tutorial-drupal-8-wysiwyg-inline-and-responsive-images/10/03/2016/9821; Angela Byron, *Ultimate Guide to Drupal 8* at 4 (2016); https://www.drupal.org/docs/7/understanding-drupal/technology-stack; https://www.drupal.org/docs/8/system-requirements/web-server; https://www.drupal.org/docs/8/core/modules/rest/overview; https://www.drupal.org/docs/8/core/modules/serialization/overview;

https://www.drupal.org/docs/8/understanding-drupal-8/overview;

https://www.drupal.org/docs/develop/standards/css/css-architecture-for-drupal-8.  Regarding

Wordpress, *see, e.g.,* http://themeforest.net/category/wordpress;

http://codex.wordpress.org/Templates; http://codex.wordpress.org/Template_Hierarchy;

http://codex.wordpress.org/Function_Reference/the_title;

http://codex.wordpress.org/Function_Reference/the_content;

https://www.wpbeginner.com/glossary/database/; https://codex.wordpress.org/Pages;

http://codex.wordpress.org/Templates; http://codex.wordpress.org/Template_Tags/get_the_title;

and http://codex.wordpress.org/Query_Overview.

36.     Claim 3 of the '397 patent recites the apparatus of claim 2, wherein the database
is a multi-dimensional array structured database.

37.     The Accused Instrumentalities infringe claim 3 of the '397 patent through, by way
of example, patent through a combination of features which collectively practice each limitation
of claim 3.

38.     By way of example, the JSON strings that are used to generate, in part, field
capabilities originate from the database and therefore reflect the database structure and contents
showing, on information and belief, the implementation of a multidimensional array structured
database.  By way of further evidence, the JSON strings show that there are dimensions for
various parameters. Regarding Drupal, *see, e.g.*, https://www.drupal.org/files/issues/Field.png;
https://api.drupal.org/api/drupal/core%21modules%21field%21field.module/group/field/8.3.x.
Regarding Wordpress, *see, e.g.,* https://code.tutsplus.com/;
https://wordpress.stackexchange.com/questions/43302/wordpress-settings-api-and-option-array-
structure.

39.     Claim 4 of the '397 patent recites the apparatus of claim 3, wherein the representative information is Boolean data, numeric data, string data or multi-dimensional arrays of various multimedia objects.

40.     The Accused Instrumentalities infringe claim 4 of the '397 patent through a combination of features that practice the limitations of Claim 4.  Regarding Drupal, *see, e.g.*, https://www.drupal.org/docs/8/api/entity-api/defining-and-using-content-entity-field-definitions. Regarding Wordpress, *see, e.g.,* https://wordpress.stackexchange.com/questions/43302/wordpress-settings-api-and-option-array-structure.

41.     Claim 5 of the '397 patent recites the apparatus of claim 4, wherein said elements include multimedia objects selected from the group consisting of a color, a font, an image, an audio clip, a video clip, a text area and a URL.

42.     The Accused Instrumentalities infringe claim 5 of the '397 patent through a combination of features that practice the limitations of Claim 5.

43.     By way of example, the Accused Instrumentalities include various multimedia objects selected from a group contained within a WYSIWYG Editor.  Examples include color, font, an image, a video, a text area and a URL as they appear in the WYSIWYG Editor.  The multimedia objects created in the WYSIWYG editor are stored in the database and appear as HTML scripted text in the database.  Text and vector objects can be selected and colored by selecting them or "click and dragging" over them in the WYSIWYG editor.  A color may also be selected from the color dropdowns on the control bar of the Editor.  This color is saved to the database; as part of the HTML of the description record.  Moreover, text objects may be assigned a font by making such a selection or "click and dragging" over them in the WYSIWYG editor.

A font can then be selected from the font dropdown on the control bar of the Editor.  This font selection is thereafter saved to the database as part of the HTML of the description record.  Selecting the Image button in the WYSIWYG editor opens a tabbed panel where the user designates source, title, format, size, etc.  The image file is uploaded to the server and the file's location and style are saved and posted to the database as part of the HTML of the description record.  Furthermore, videos are created by clicking on the Media module, which opens a tabbed panel where the user designates URL, format, size, etc.  The video's URL and style elements are saved to the database as part of the HTML of the description record.  A text area may also be selected for creation by clicking in the frame of the WYSIWYG Editor and typing.  The text and its style are saved to the database as part of the HTML of the description record.  After entering text into the WYSIWYG editor's text area, a URL assigned by clicking and dragging over the text object you wish to link, and then selecting the "chain" link button from the control bar; which opens a tabbed panel where the user can designate the URL, target, etc.  The text and its style are saved to the database as part of the HTML of the description record.

     44.     The presence of the above referenced elements are demonstrated, by way of example, by reference to publicly available information.  *See, e.g.*,

https://www.drupal.org/project/ckeditor;

https://www.drupal.org/docs/8/core/modules/ckeditor/overview;

https://dev.acquia.com/blog/tutorial-drupal-8-wysiwyg-inline-and-responsive-images/10/03/2016/9821; Angela Byron, *Ultimate Guide to Drupal 8* at 4 (2016);

https://dev.acquia.com/blog/tutorial-drupal-8-wysiwyg-inline-and-responsive-images/10/03/2016/9821; https://www.drupal.org/docs/8/core/modules/media/overview;

https://www.drupal.org/project/media_entity.

45.     Claim 6 of the '397 patent recites the apparatus of claim 2, wherein said elements are selected from the group consisting of a button, an image, a paragraph, a frame, a table, a form and a vector object.

46.      The Accused Instrumentalities infringe claim 6 of the '397 patent through a combination of features that practice the limitations of Claim 6.

47.     By way of example, the Accused Instrumentalities include various user selectable menus where various elements can be placed on a web page.  Those various user selectable menus are used to place elements selected from the group consisting of a button, an image, a paragraph, a frame, a table, a form and a vector object.  The cells of a table and maps would reside in a frame, and that, dividers, maps and the lines in tables would be, at least in part, vector objects.

48.     The presence of the above referenced elements are demonstrated, by way of example, by reference to publicly available information.  *See, e.g.*,

https://www.drupal.org/project/ckeditor;

https://www.drupal.org/docs/8/core/modules/ckeditor/overview;

https://dev.acquia.com/blog/tutorial-drupal-8-wysiwyg-inline-and-responsive-images/10/03/2016/9821; Angela Byron, *Ultimate Guide to Drupal 8* at 4 (2016);

https://www.drupal.org/docs/8/core/modules/custom_block/overview;

https://www.drupal.org/docs/8/core/modules/contact/overview.

49.     Claim 8 recites the apparatus of claim 2, wherein said elements include one or more objects on a web page, and wherein said description of elements are a transition or an animation of at least one of said elements on a web page.

50.     The Accused Instrumentalities infringe claim 8 of the '397 patent through a combination of features which collectively practice each limitation of claim 8.  *See, e.g.,* https://wordpress.org/plugins/animate-everything/.

51.     Claim 9 recites the apparatus of claim 2, wherein said elements include a button or an images, wherein said selectable settings include the selection of an element style, and wherein said build tool includes means for storing information representative of selected style in a database.

52.     The Accused Instrumentalities infringe claim 9 of the '397 patent through a combination of features which collectively practice each limitation of claim 9.  Regarding Drupal *see, e.g.,* https://www.drupal.org/project/ckeditor;

https://www.drupal.org/docs/8/core/modules/ckeditor/overview;

https://dev.acquia.com/blog/tutorial-drupal-8-wysiwyg-inline-and-responsive-images/10/03/2016/9821; https://www.drupal.org/docs/8/core/modules/image/working-with-images; https://www.drupal.org/docs/7/understanding-drupal/technology-stack;

https://www.drupal.org/docs/8/system-requirements/web-server;

https://www.drupal.org/docs/8/core/modules/rest/overview;

https://www.drupal.org/docs/8/core/modules/serialization/overview;

https://www.drupal.org/docs/8/understanding-drupal-8/overview;

https://www.drupal.org/docs/develop/standards/css/css-architecture-for-drupal-8.  Regarding Wordpress, *see, e.g.,* https://www.wpbeginner.com/wp-tutorials/how-to-add-custom-styles-to-wordpress-visual-editor/.

53.     Claim 10 recites the apparatus of claim 9, wherein said elements are described by multiple object states.

54.     The Accused Instrumentalities infringe claim 10 of the '397 patent through a combination of features which collectively practice each limitation of claim 10.  For example, buttons can have multiple object states.  Regarding Drupal *see, e.g.,* https://www.drupal.org/docs/8/core/themes/seven-theme.  Regarding Wordpress, *see, e.g.,* https://wordpress.org/plugins/animate-everything/.

55.     Claim 11 recites the apparatus of claim 9, wherein said elements are described by a transformation or a timelines of said selected styles.

56.     The Accused Instrumentalities infringe claim 11 of the '397 patent through a combination of features which collectively practice each limitation of claim 11.  By way of example, the Accused Instrumentalities support CSS architecture.  Regarding Drupal, *see, e.g.,* https://www.drupal.org/docs/develop/standards/css/css-architecture-for-drupal-8; *see also, e.g.,* http://demos.dojotoolkit.org/demos/css3/demo.html.  Regarding Wordpress, *see, e.g.,* https://wordpress.org/plugins/animate-everything/.

57.     Claim 14 recites the apparatus of claim 2, wherein said elements include buttons or images, wherein said description of elements is a transition or a timeline which is selected according to input from a mouse, and wherein said build tool includes means for storing information representative of said selected description of elements in said database.

58.     The Accused Instrumentalities infringe claim 14 of the '397 patent through a combination of features which collectively practice each limitation of claim 14.

59.     By way of example, the Accused Instrumentalities include various CSS libraries that are used extensively for adding transformations and timelines to selected elements.  *See, e.g.*, https://www.drupal.org/docs/develop/standards/css/css-architecture-for-drupal-8; http://demos.dojotoolkit.org/demos/css3/demo.html.

60.     Claim 15 recites the apparatus of claim 14, wherein at least one of said description of elements is a timeline or an animation.

61.     The Accused Instrumentalities infringe claim 15 of the '397 patent through a combination of features which collectively practice each limitation of claim 15.

62.     By way of example, the Accused Instrumentalities enable descriptions of elements describing CSS animations.  *See, e.g.*,

https://www.drupal.org/docs/develop/standards/css/css-architecture-for-drupal-8;

http://demos.dojotoolkit.org/demos/css3/demo.html.

63.     Claim 24 recites the apparatus of claim 2, wherein said run time files include one compressed website specific, customized run time engine program file and one compressed website specific, customized run time engine library file.

64.     The Accused Instrumentalities infringe claim 24 of the '397 patent through a combination of features which collectively practice each limitation of claim 24.

65.     By way of example, the Accused Instrumentalities include two customized runtime files, an HTML file and a second unique CSS file.  *See, e.g.*,

https://www.drupal.org/docs/7/understanding-drupal/technology-stack;

https://www.drupal.org/docs/8/system-requirements/web-server;

https://www.drupal.org/docs/8/core/modules/rest/overview;

https://www.drupal.org/docs/8/core/modules/serialization/overview;

https://www.drupal.org/docs/8/understanding-drupal-8/overview;

https://www.drupal.org/docs/develop/standards/css/css-architecture-for-drupal-8.

66.     Claim 25 recites the apparatus of claim 24, wherein said run time files include a dynamic web page scaling mechanism, whereby each of said one or more generated web pages is scaled for viewing on said display.

67.     The Accused Instrumentalities infringe claim 25 of the '397 patent through a combination of features which collectively practice each limitation of claim 25.

68.     By way of example, the Accused Instrumentalities enable rescaling of a web page to the size of the particular screen that is being used.  *See, e.g.*,

https://www.drupal.org/docs/8/mobile/responsive-web-design;

https://www.drupal.org/docs/8/mobile/web-based-mobile-apps.

69.     Claim 35 of the '397 patent generally recites the apparatus of claim 2, wherein the build tool includes dynamic resizing means operable to redefine a size of a web page upon being display.

70.     The Accused Instrumentalities infringe claim 35 of the '397 patent through a combination of features which collectively practice each limitation of claim 35.

71.     By way of example, the Accused Instrumentalities enable dynamic resizing upon display to a different device and screen.  For example, the Accused Instrumentalities include "Responsive Web Design."  Responsive Web Design refers to web design that changes formatting and lay-out to respond to different devices, screen sizes and browser capabilities.  The Accused Instrumentalities therefore enable the creation of web pages that may be viewed with resizing means operable to redefine a size of a web page upon being displayed.  *See, e.g.,*

http://www.w3schools.com/html/html_responsive.asp;

https://www.drupal.org/docs/8/mobile/responsive-web-design;

https://www.drupal.org/docs/8/mobile/web-based-mobile-apps.

72.     Claim 37 of the '397 patent generally recites [a]n apparatus for producing websites with web page(s) on and for a computer with a browser and a virtual machine, the apparatus comprising: an interface for building a website through control of website elements, being operable through the browser on to: present a selectable settings menu, accept settings, and generate the display in accordance with an assembly of settings contemporaneously with the acceptance thereof, at least one setting being operable to generate said display through commands to said virtual machine; an internal database associated with the interface for storing information representative of one or more of assembly of settings for controlling elements of the website; and a build tool to construct web page(s) of the website having: an external database containing data corresponding to the information stored in the internal database, and one or more run time files, where said run time files use information stored in the external database to generate virtual machine commands for the display of at least a portion of one or more web pages.

73.     The Accused Instrumentalities infringe claim 37 of the '397 patent through a combination of features which collectively practice each limitation of claim 37.  By way of example, modern internet browsers such as Microsoft Internet Explorer, Mozilla's Firefox, Apple Safari, Google Chrome, and Opera include virtual machines within the meaning of the '397 patent.  (*See, e.g*., http://developer.telerik.com/featured/a-guide-to-javascript-engines-for-idiots/; http://dictionary.reference.com/browse/virtual+machine?s=t).  The Accused Instrumentalities support the use of the latest versions of Internet Explorer 11 or later, Microsoft Edge, latest–1, Firefox latest, latest–1, Chrome latest, latest–1, Safari latest, latest–1 (Mac OS), Safari Mobile for iPad 2, iPad Mini, iPad with Retina Display (iOS 7 or later), for desktop site, Safari Mobile for iPhone 4 or later; iOS 7 or later, for mobile site, Chrome for mobile latest–1

(Android 4 or later) for mobile site, where *latest–1* means one major version earlier than the latest released version.  (*See* https://www.drupal.org/docs/8/system-requirements/browser-requirements; http://themeforest.net/category/wordpress.)

74.     By way of example, the Accused Instrumentalities include various multimedia objects selected from a group contained within a WYSIWYG Editor.  Examples include color, font, an image, a video, a text area and a URL as they appear in the WYSIWYG Editor.  The multimedia objects created in the WYSIWYG editor are stored in the database and appear as HTML scripted text in the database.  Text and vector objects can be selected and colored by selecting them or "clicking and dragging" over them in the WYSIWYG editor.  A color may also be selected from the color dropdowns on the control bar of the Editor.  This color is saved to the database; as part of the HTML of the description record. Moreover, text objects may be assigned a font by making such a selection or "click and dragging" over them in the WYSIWYG editor. A font can then be selected from the font dropdown on the control bar of the Editor.  This font selection is thereafter saved to the database as part of the HTML of the description record. Selecting the Image button in the WYSIWYG editor opens a tabbed panel where the user designates source, title, format, size, etc.  The image file is uploaded to the server and the file's location and style are saved and posted to the database as part of the HTML of the description record.  Furthermore, videos are created by clicking on the Media module, which opens a tabbed panel where the user designates URL, format, size, etc.  The video's URL and style elements are saved to the database as part of the HTML of the description record. A text area may also be selected for creation by clicking in the frame of the WYSIWYG Editor and typing.  The text and its style are saved to the database as part of the HTML of the description record.  After entering text into the WYSIWYG editor's text area, a URL assigned by clicking and dragging over the

text object you wish to link, and then selecting the "chain" link button from the control bar; which opens a tabbed panel where the user can designate the URL, target, etc.  The text and its style are saved to the database as part of the HTML of the description record.

75.    Furthermore, the Accused Instrumentalities enable data from the client-side form referenced to be stored in a server-side database.

76.    The presence of the above referenced elements are demonstrated, by way of example, by reference to publicly available information.  Regarding Drupal, *see, e.g.,* https://www.drupal.org/home; https://www.drupal.org/docs/8/system-requirements/browser-requirements; https://www.drupal.org/project/ckeditor;

https://www.drupal.org/docs/8/core/modules/ckeditor/overview;

https://dev.acquia.com/blog/tutorial-drupal-8-wysiwyg-inline-and-responsive-images/10/03/2016/9821; Angela Byron, *Ultimate Guide to Drupal 8* at 4 (2016);

https://www.drupal.org/project/save_draft; https://www.drupal.org/docs/7/understanding-drupal/technology-stack; https://www.drupal.org/docs/8/system-requirements/web-server;

https://www.drupal.org/docs/8/core/modules/rest/overview;

https://www.drupal.org/docs/8/core/modules/serialization/overview;

https://www.drupal.org/docs/8/understanding-drupal-8/overview;

https://www.drupal.org/docs/develop/standards/css/css-architecture-for-drupal-8.  Regarding Wordpress, *see, e.g.,* http://themeforest.net/category/wordpress;

http://codex.wordpress.org/Templates; http://codex.wordpress.org/Template_Hierarchy;

http://codex.wordpress.org/Function_Reference/the_title;

http://codex.wordpress.org/Function_Reference/the_content;

http://codex.wordpress.org/Template_Tags/get_the_title;

http://codex.wordpress.org/Query_Overview; https://www.wpbeginner.com/glossary/database/; and https://codex.wordpress.org/Pages.

77.     Defendant was made aware of the '397 patent and its infringement thereof at least as early as the filing of this Complaint.

78.     Since the date of the filing of this Complaint, Defendant's infringement of the '397 patent has been willful.

79.     Plaintiff has been harmed by Defendant's infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,594,168

80.     The allegations set forth in the foregoing paragraphs 1 through 79 are incorporated into this Second Claim for Relief.

81.     On September 22, 2009, U.S. Patent No. 7,594,168 entitled *Browser Based Web Site Generation Tool and Run Time Engine* was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '168 patent is attached as Exhibit B.

82.     The inventions of the '168 patent resolve technical problems related to website creation and generation.  For example, the inventions enable the creation of websites through browser-based build tools and a user interface, which features are exclusively implemented utilizing computer technology.

83.     The claims of the '168 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '168 patent recite one or more inventive concepts that are rooted in computerized website creation technology, and overcome problems specifically arising in the realm of computerized website creation technologies.

84.     The claims of the '168 patent recite an invention that is not merely the routine or conventional use of website creation systems and methods.  Instead, the invention describes a browser-based website creation system including a server comprising a build engine configured to create and apply styles to, for example, a website with web pages comprised of objects.

85.     The technology claimed in the '168 patent does not preempt all ways of using website or web page authoring tools nor preempt the use of all website or web page authoring tools, nor preempt any other well-known or prior art technology.

86.     Accordingly, each claim of the '168 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

87.     As noted above and incorporated into this Second Claim for Relief, a defendant in another case in which the '397 and '168 patents were asserted, asserted that the '397 and '168 patents were invalid under 35 U.S.C. § 101.  That motion and related Order are discussed above.

88.     Plaintiff is the assignee and owner of the right, title and interest in and to the '168 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

89.     Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 4, and 6 of the '168 patent by using a browser-based website and/or web page authoring tool in which the user-selected settings representing website elements are stored in a database, and retrieval of said information to generate said website (the "Accused Instrumentalities").  The Accused Instrumentalities include but are not limited website building tools used and/or provided by Defendant, such as, for example Drupal and/or Wordpress.  *See,*

*e.g.*, https://www.liquidweb.com/kb/install-cms-cloud-sites-one-click/;

https://www.liquidweb.com/products/managed-wordpress/.

90.     In particular, claim 1 of the '168 patent generally recites a system for assembling a website comprising a server with a build engine, the website comprising web pages with objects (one button or one image object), the server accepting user input to associate a style with objects, wherein a button or image object is associated with a style that includes values defining transformations and time lines; wherein each web page is defined entirely by the objects and the style associated with the object, produce a database with a multidimensional array comprising the objects that comprise the website including data defining the object style, number, and an indication of the web page that each object is part of, and provide the database to a server accessible to web browser; wherein the database is produced such that a web browser with access to a runtime engine is configured to generate the website from the objects and style data extracted from the provided database.

91.     The Accused Instrumentalities infringe claim 1 of the '168 patent through a combination of features which collectively practice each limitation of claim 1.

92.     Further, by way of example, the JSON strings that are used by the Accused Instrumentalities to generate, in part, element formatting originate from the database and therefore reflect the database structure and contents showing, on information and belief, the implementation of a multidimensional array structured database comprising the objects that comprise the web site.  By way of further evidence, the JSON strings show that there are dimensions for the pages, for arrays of columns, for arrays of sections, and for arrays of modules generated using the Accused Instrumentalities. *See, e.g.*,

https://www.drupal.org/files/issues/Field.png;

https://api.drupal.org/api/drupal/core%21modules%21field%21field.module/group/field/8.3.x

93.     Further, the Accused Instrumentalities enable the storing in the database of data defining each object such as object styles, an object number, and an indication of the which page each object is a part of.  For example, a user can select a theme style for a body title on a specific page.  The CSS database file is thereafter saved to the server, reflecting the selected font, size, and the object and page to which it applies.

94.     By way of example, for the completed web site, the Accused Instrumentalities include runtime files, such as, for example HTML CSS files.  Regarding Drupal, *see, e.g.*, https://www.drupal.org/home; https://www.drupal.org/docs/8/system-requirements/browser-requirements; https://www.drupal.org/project/ckeditor;

https://www.drupal.org/docs/8/core/modules/ckeditor/overview;

https://dev.acquia.com/blog/tutorial-drupal-8-wysiwyg-inline-and-responsive-images/10/03/2016/9821; Angela Byron, *Ultimate Guide to Drupal 8* at 4 (2016);

https://www.drupal.org/docs/7/understanding-drupal/technology-stack;

https://www.drupal.org/docs/8/system-requirements/web-server;

https://www.drupal.org/docs/8/core/modules/rest/overview;

https://www.drupal.org/docs/8/core/modules/serialization/overview;

https://www.drupal.org/docs/8/understanding-drupal-8/overview;

https://www.drupal.org/docs/develop/standards/css/css-architecture-for-drupal-8;

https://www.drupal.org/docs/8/core/modules/media/overview;

https://www.drupal.org/project/media_entity;

https://www.drupal.org/docs/8/core/modules/image/working-with-images;

http://demos.dojotoolkit.org/demos/css3/demo.html;

https://www.drupal.org/files/issues/Field.png;

https://api.drupal.org/api/drupal/core%21modules%21field%21field.module/group/field/8.3.x.;

https://www.drupal.org/project/save_draft.  Regarding Wordpress, *see, e.g.,*

https://en.wikipedia.org/wiki/WordPress; https://www.wpbeginner.com/glossary/content-

management-system-cms/; https://wordpress.org/about/requirements/;

https://www.wpbeginner.com/glossary/apache/; https://codex.wordpress.org/Pages;

https://www.downloads.eleopard.in/animate-it-documentation-wordpress/;

https://www.downloads.eleopard.in/class-generator.html;

https://developer.wordpress.org/themes/customize-api/customizer-objects/;

https://codex.wordpress.org/Class_Reference/WP_Customize_Manager/add_control;

https://www.wpbeginner.com/glossary/database/.  *See also*

http://demos.dojotoolkit.org/demos/css3/demo.html;

95.     Claim 4 of the '168 patent generally recites the system of claim 1, wherein at least one of said styles includes settings for multiple object states.

96.     The Accused Instrumentalities infringe claim 4 of the '168 patent through a combination of features which collectively practice each limitation of claim 4.

97.     By way of example, the Accused Instrumentalities enable the ability to define a hover state, so that an element, including a button, has defined styles.  *See, e.g.*, https://www.drupal.org/docs/8/core/themes/seven-theme.

98.     Claim 6 of the '168 patent generally recites the system of claim 1, where said data is stored as one or more of a Boolean an integer, a string, a floating point variables, or a URL.

99.     The Accused Instrumentalities infringe claim 6 of the '168 patent through a combination of features which collectively practice each limitation of claim 6.  A review of the API documentation behind websites created using the Accused Instrumentalities reveals data that is stored as one or more of a Boolean, an integer, or a string.  *See, e.g.*, https://www.drupal.org/docs/8/api/entity-api/defining-and-using-content-entity-field-definitions.

100.     Defendant was made aware of the '168 patent and its infringement thereof at least as early as the filing of this Complaint.

101.     Since the date of the filing of this Complaint, Defendant's infringement of the '168 patent has been willful.

102.     Plaintiff has been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.     An adjudication that Defendant has infringed the '397 and '168 patents;

B.     An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '397 and '168 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.     An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: August 4, 2018                    DEVLIN LAW FIRM LLC

                                         By: */s/ Timothy Devlin*_____
                                         Timothy Devlin
                                         Delaware Bar No. 4241
                                         tdevlin@devlinlawfirm.com
                                         Robert Kiddie (*pro hac vice* to be filed)
                                         Texas Bar No. 24060092
                                         rkiddie@devlinlawfirm.com
                                         1306 N. Broom St., 1st Floor
                                         Wilmington, Delaware 19806
                                         Telephone: (302) 449-9010
                                         Facsimile:  (302) 353-4251

                                         *Attorneys for Plaintiff Express Mobile, Inc.*