**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EXPRESS MOBILE, INC., | ) |
| *Plaintiff*, | ) C.A. No. 1:18-cv-1177-RGA |
| v. | ) **JURY TRIAL DEMANDED** |
| LIQUID WEB, LLC, | ) |
| *Defendant*. | ) |

**LIQUID WEB LLC'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Geoffrey G. Grivner
BUCHANAN INGERSOLL & ROONEY PC
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295
geoffrey.grivner@bipc.com

Steven R. Daniels
DICKINSON WRIGHT PLLC
303 Colorado St., Ste. 2050
Austin, Texas 78701
Telephone: (512) 770-4200
Facsimile: (844) 670-6009
sdaniels@dickinsonwright.com

Stan Torgovitsky
DICKINSON WRIGHT PLLC
International Square
1825 Eye St. N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 457-0160
Facsimile: (844) 670-6009

Dated: January 9, 2019
STorgovitsky@dickinson-wright.com

*Counsel for Defendant Liquid Web, LLC*

**TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF PROCEEDING ................................................................. 1

II. INTRODUCTION AND SUMMARY OF ARGUMENTS ............................................ 1

III. LEGAL STANDARDS .................................................................................................. 3

IV. EXPRESS MOBILE'S ALLEGATIONS OF DIRECT INFRINGEMENT FAIL TO MEET THE FACIAL PLAUSIBILITY STANDARD AND SHOULD BE DISMISSED ................................................................................................................... 4

V. EXPRESS MOBILE'S CLAIMS FOR PAST DAMAGES SHOULD BE DISMISSED FOR FAILURE TO PLEAD COMPLIANCE WITH THE MARKING STATUTE .................................................................................................... 7

VI. CONCLUSION ............................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Am. Med. Sys. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993) ............................................................................................... 6

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*
   876 F.3d 1350 (Fed. Cir. 2017) ........................................................................................... 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................................... 5, 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................ 5

*Devices for Med., Inc. v. Boehl*,
   822 F.2d 1062 (Fed. Cir. 1987) ........................................................................................... 6

*DoDots Licensing Solutions LLC v. Lenovo Holding Co., Inc. et al*,
   2018 WL 6629709, at *1 (D. Del. Dec. 19, 2018) .............................................................. 5

*Express Mobile, Inc. v. Ktree Computer Solutions, Inc.*,
   D.I. 17 (E.D. Tex. Apr. 12, 2017) ....................................................................................... 9

*IMX Inc. v. Lending Tree* LLC,
   469 F.Supp.2d 203 (2007) ................................................................................................... 9

*IMX Inc. v. Lending Tree* LLC, No.
   D. I. 255 at *2 (D. Del. Dec. 16, 2005) ............................................................................. 10

*MACOM Tech. Solutions Holdings, Inc. v. Infineon Techs., AG*,
   2017 WL 3449596, at *5 (C.D. Cal. Jun. 5, 2017) ............................................................. 8

*Promos Technologies, Inc. v. Samsung et al.*,
   2018 WL 5630585, at *2 (D. Del. Oct. 31, 2018) ........................................................... 5, 6

**Statutes**

35 U.S.C. § 287 ........................................................................................................... 4, 6, 9

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 5
Fed. R. Civ. P. 8(a)(2) ................................................................................................................... 5

Defendant, Liquid Web, respectfully submits this brief in support of its motion to dismiss the First Amended Complaint for Patent Infringement ("FAC") filed by Plaintiff, Express Mobile.

### I. NATURE AND STAGE OF PROCEEDING

On August 6, 2018, Plaintiff Express Mobile filed suit against Defendant Liquid Web alleging direct infringement of U.S. Patent Nos. 6,546,397 ("the '397 patent") and 7,594,168 ("the '168 patent"). On October 10, 2018, Express Mobile amended its complaint to include allegations of direct infringement of U.S. Patent Nos. 9,471,287 ("the '287 patent") and 9,928,044 ("the '044 patent"). On December 5, 2015, the parties agreed to extend the deadline by which Liquid Web must answer, move, or otherwise respond to Express Mobile's complaint. The extended deadline is January 9, 2019.

### II. INTRODUCTION AND SUMMARY OF ARGUMENTS

Express Mobile's FAC does not meet the pleading standards articulated by the Supreme Court in *Twombly* and *Iqbal*. In particular, Express Mobile's alleged direct infringement of the '397 and '168 patents is based entirely on "information and belief" that certain third-party tools are "used and/or provided" by Liquid Web. *See* FAC ¶¶ 19 and 89. Similarly, Express Mobile's alleged direct infringement of the '287 and '044 patents is based entirely on "information and belief" that certain aspects of third party websites created by certain third-party tools are "handle[d]" by Liquid Web's "hosting services." *See* FAC ¶¶ 111 and 183.

All of the allegations in the FAC merely reference generic third party website building tools, or the claim recitations themselves, as the "Accused Instrumentalities," providing no facts to support why it might be plausible that the Defendant directly infringes the asserted patents. For example, Express Mobile's FAC contains recitations of slightly modified language from the asserted claims followed by an extensive list of links to third party webpages and third party documents allegedly describing functionality of third party tools. However, the FAC does not

1

provide any explanation of how the content of these web pages correlates to the claim elements, let alone how Liquid Web's use and/or provision of such third party tools, or hosting websites created by third parties, somehow amounts to infringement of the methods and systems claimed in the asserted patents, particularly in view of Express Mobile's express disclaimers that the asserted patents do not preempt: "all ways of using website or web page authoring tools …, the use of all website or web page authoring tools …, all ways for the computerized generation of content on a display of a device … , nor the use of all authoring tools or Players for the computerized generation of content on a display of a device." *See* FAC ¶¶ 14, 85, 108 and 180.

Express Mobile's identification of Liquid Web's two website pages containing advertisement of Liquid Web's website hosting services that reference these and other generic third party tools, which Liquid Web's current and prospective customers may or may not use to develop their own websites, cannot give rise to the requisite reasonable inference that Liquid Web itself uses and/or provides any third party tools, or handles websites created by third parties, in an infringing manner.

Express Mobile also seeks damages for "Defendant's past infringement" of the asserted patents. *See FAC* at Prayer for Relief B. Express Mobile alleges that it has sold products covered by the patents-in-suit, or granted licenses to the patents-in-suit, as detailed in the Express Mobile's filing in the Ktree case C.A. 2:17-00128, which FAC incorporates by reference (*see e.g.*, FAC at ¶16). However, the FAC fails to allege that Plaintiff has complied with the marking statute, 35 U.S.C. § 287. Accordingly, Plaintiff cannot recover damages for pre-notice past infringement.

Therefore, Defendant respectfully submits that Express Mobile's FAC fails to plausibly state a claim against any of Defendant's systems or methods Express Mobile alleges to be at issue in this case, and should be dismissed in its entirety under Fed. R. Civ. P. 12(b)(6) for failure to adequately plead a claim of direct infringement, or at the very least its damages should be limited.

2

### III. LEGAL STANDARDS

"To sufficiently plead direct infringement, a plaintiff must allege sufficient facts to show a reasonable inference that the defendant 'without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor.'" *Promos Technologies, Inc. v. Samsung et al.*, No. CV No. 18-307-RGA, 2018 WL 5630585, at *2 (D. Del. Oct. 31, 2018) (quoting 35 U. S.C. § 271(a)).

Fed. R. Civ. P. 12(b)(6) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Twombly* and *Iqbal*, the Supreme Court held that a plaintiff's factual allegations "must provide more than labels, conclusions, or a formulaic recitation of the claim elements" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Thus, "the pleadings must provide sufficient factual allegations to allow the Court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *DoDots Licensing Solutions LLC v. Lenovo Holding Co., Inc. et al*, No. C.A. No. 18-098 (MN), 2018 WL 6629709, at *1 (D. Del. Dec. 19, 2018) (quoting *Iqbal*, 506 U.S. at 678).

Consistently, this Court has held that: "The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a formulaic recitation of the claim elements. … Moreover, there must be sufficient factual matter to state a facially plausible claim to relief." *Promos Technologies, Inc.* at *2 (D. Del. Oct. 31, 2018) (internal quotation marks and citations omitted).

3

Furthermore, under 35 U.S.C. § 287(a), "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement" which can be accomplished either directly, by an action for infringement, or publicly, by marking of patentee's patented articles. *Id.*  Marking is required for a method or system patent. *Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993); and *Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987).  Likewise, "a patentee's licensees must also comply with § 287, because the statute extends to 'persons making or selling any patented article for or under [the patentee].'" *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.* 876 F.3d 1350, 1366 (Fed. Cir. 2017) (alteration in original).

## IV.   EXPRESS MOBILE'S ALLEGATIONS OF DIRECT INFRINGEMENT FAIL TO MEET THE FACIAL PLAUSIBILITY STANDARD AND SHOULD BE DISMISSED

"The facial plausibility standard is satisfied when the complaint's factual content 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Promos Technologies, Inc.* at *1 (D. Del. Oct. 31, 2018) (quoting *Iqbal*, 506 U.S. at 678).

When asserting direct infringement of the '397 and '168 patents, Plaintiff broadly defines "Accused Instrumentalities" as "a browser-based website and/or web page authoring tool in which the user-selected settings representing website elements are stored in a database, and in which said stored information is retrieved to generate said website," followed by a conclusory allegation that "Accused Instrumentalities include … website building tools used and/or provided by Defendant, such as, for example Drupal and/or WordPress" with reference to two marketing webpages[1] from Liquid Web's website. *See* FAC ¶¶ 19 and 89.  On the other hand, when asserting direct infringement of the '287 and '044 patents, Plaintiff simply paraphrases the claim language to define the "Accused Instrumentalities," followed by conclusory allegations that "Accused

---

[1] https://www.liquidweb.com/kb/install-cms-cloud-sites-one-click/;
https://www.liquidweb.com/products/managed-wordpress/

4

Instrumentalities include … WordPress," and that "Defendant's managed WordPress hosting services handles the architecture, capacity, setup, and more for its users WordPress websites" with reference to a single marketing webpage[2] from Liquid Web's website. *See* FAC ¶¶ 111 and 183.

However, Plaintiff has not explained how Liquid Web's alleged <u>use and/or providing</u> of third party web building tools such as WordPress and/or Drupal, or <u>handling</u> of websites build by the third parties which may or may not have used WordPress, practices the claimed method or provides the claimed system of the asserted patents. In fact, Plaintiff admits that the '397 and '168 patents do "not preempt all ways of using website or web page authoring tools" (FAC ¶¶ 14 and 85), and that the '287 and '044 patents do "not preempt all ways for the computerized generation of content on a display of a device …, nor preempt the use of all authoring tools or Players for the computerized generation of content on a display of a device" (FAC ¶¶ 108 and 180).

Indeed, FAC's only reference to Liquid Web's association with WordPress and/or Drupal are web links to two marketing webpages from Liquid Web's website, none of which demonstrate the patent infringement alleged in the FAC. For example, https://www.liquidweb.com/kb/install-cms-cloud-sites-one-click/ leads to marketing pages on Liquid Web's website regarding Liquid Web's "Cloud Sites platform" including an example of how customers can choose their Content Management System ("CMS") from five different providers: MediaWiki, Drupal, Wordpress, Joomla, phpBB, or from none. Similarly, https://www.liquidweb.com/products/managed-wordpress/ leads to marketing pages on Liquid Web's website regarding Liquid Web's "Managed WordPress Hosting" including an example of how the customer's website created by the customer using WordPress can be hosted by Liquid Web. Nothing in these marketing pages supports a plausible inference that Liquid Web practices any element of any claim asserted in the FAC.

---

[2] https://www.liquidweb.com/products/managed-wordpress/

5

Thus, the information in Liquid Web marketing webpages, which Express Mobile puts forth in an attempt to demonstrate that Liquid Web "uses and/or provides" a website building tool (s*ee* FAC ¶¶ 19 and 89) and "handles" its customers' websites (*see* FAC ¶¶ 111 and 183) in an infringing manner, cannot and does not amount to sufficient factual matter to state a facially plausible claim for infringement.

As alleged factual support of infringement, FAC sets out copious descriptions of each claim of the asserted patents allegedly infringed by Liquid Web with reference to webpages found on WordPress and Drupal respective websites and other third party websites. *See e.g.* FAC, ¶¶ 21, 22, 26, 27, 29, 33, 35, 38, 40, 45, 48, 50, 52, 54, 56, 59, 62, 65, 66, 71, 73, 76, 92, 94, 97, 99, 114, 115, 117-119, 121, 123-130, 132, 140, 142, 145-151, 153-158, 160, 168, 170, 186-191, 193, 195-198, 200-203, 205, 213, 215, 218, 220, 225, 227, 235, and 237. However, none of the referenced webpages shows that Liquid Web has "used and/or provided" WordPress and/or Drupal, or "handled" its customers' websites, which the customers may have chosen to create using WordPress, such that Liquid Web is liable for direct infringement of each of the claims of the asserted patents.

As such, without more, links to third party websites and Liquid Web's marketing pages concerning its hosting platforms for customer's websites is insufficient to substantiate the claims against Liquid Web for direct infringement of the four patents at issue. *MACOM Tech. Solutions Holdings, Inc. v. Infineon Techs., AG*, 2017 WL 3449596, at *5 (C.D. Cal. Jun. 5, 2017) (dismissing direct infringement claims and noting that "Americas' ["counterclaimant"] reliance upon MACOM's ["counter defendant"] general marketing claims is insufficient to state a plausible claim for infringement").

6

## V. EXPRESS MOBILE'S CLAIMS FOR PAST DAMAGES SHOULD BE DISMISSED FOR FAILURE TO PLEAD COMPLIANCE WITH THE MARKING STATUTE

Plaintiff's claims should also be dismissed to the extent it seeks damages for alleged infringement of the '397 and '168 patents prior to the filing of the original Complaint, and damages for alleged infringement of the '287 and '044 patents prior to the filing of the FAC, for failing to plead that Plaintiff complied with 35 U.S.C. § 287(a) ("the marking statute"). This Court has held that marking is required for a method or system patents if the patent owner sold the patented system over the internet. *IMX Inc. v. Lending Tree* LLC, 469 F.Supp.2d 203 (2007) (plaintiff "not entitled to pre-litigation damages because plaintiff did not comply with its duty to mark its IMX Exchange system," which was a method and system for trading loans on the internet).

Express Mobile alleges that its '397 and '168 patents are "rooted in computerized website creation technology" (*see* FAC ¶¶ 12 and 83) and its '287 and '044 patents are "rooted in computerized generation of content on a display of a device" (*see* FAC ¶¶ 106 and 178). In the Ktree case, which Plaintiff cites in the FAC, Plaintiff has contended that it is a practicing entity "offering solutions related to website and web app publication." *See* Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings at 3, *Express Mobile, Inc. v. Ktree Computer Solutions, Inc.*, C.A. No. 17-cv-128, D.I. 17 (E.D. Tex. Apr. 12, 2017). Throughout the FAC, Express Mobile cites to various website links to allege infringement, yet does not provide a single link to its own website, or a website of at least one of its alleged licensees, that even mentions the asserted patents, let alone marks with asserted patent numbers any products, systems, or services. Notably, if any such website does exist, then "consistent with the purpose of §287 (a) as interpreted by the Federal Circuit, the website is intrinsic to the patented system and constitutes tangible item to mark by which notice to the asserted method claim can be given." *IMX Inc. v.*

7

*Lending Tree* LLC, No. C.A. No. 03-1067 (SLR), D. I. 255 at *2 (D. Del. Dec. 16, 2005) (internal quotation marks and citations omitted).

Thus, Express Mobile has failed to plead compliance with the marking statute by failing to allege that it and its licensees, if any, have complied with the marking statute. *Id*. at *9 (plaintiff "had the duty to mark if it is claiming pre-litigation damages") (internal citations omitted). Accordingly, Express Mobile's claims for past damages for the asserted patents should be dismissed for any damages sought prior to the date of actual notice via the original Complaint and FAC.

## VI.   CONCLUSION

For the reasons stated above, Liquid Web respectfully requests that the Court grant its motion to dismiss the complaint.

Respectfully submitted,

By:   */s/ Geffrey G. Grivner* _____
Geoffrey G. Grivner
BUCHANAN INGERSOLL & ROONEY PC
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone:  (302) 552-4200
Facsimile:  (302) 552-4295
geoffrey.grivner@bipc.com

Steven R. Daniels
DICKINSON WRIGHT PLLC
303 Colorado St., Ste. 2050
Austin, Texas  78701
Telephone:  (512) 770-4200
Facsimile:  (844) 670-6009
sdaniels@dickinsonwright.com

                    Stanislav Torgovitsky
                    DICKINSON WRIGHT PLLC
                    International Square
                    1825 Eye St. N.W., Suite 900
                    Washington, D.C. 20006
                    Telephone:  (202) 457-0160
                    Facsimile:  (844) 670-6009
                    STorgovitsky@dickinson-wright.com

                    *Counsel for Defendant Liquid Web, LLC.*