# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXPRESS MOBILE, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIQUID WEB, LLC, <br><br> Defendant. | C.A. No. 1:18-cv-1177-RGA <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF EXPRESS MOBILE, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT LIQUID WEB, LLC'S MOTION TO DISMISS

Timothy Devlin (#4241)
DEVLIN LAW FIRM LLC
1306 N. Broom St., 1st Floor
Wilmington, DE  19806
Telephone:  (302) 449-9010
tdevlin@devlinlawfirm.com
*Attorneys for Plaintiff Express Mobile, Inc.*

DATED:  January 25, 2019

i

**TABLE OF CONTENTS**

I. Nature and Stage of Proceedings / ................................................................................... 1

II. Summary of Argument ..................................................................................................... 1

III. Argument .......................................................................................................................... 1

   A. Legal Standard ............................................................................................................ 1

   B. Defendant Does, In Fact, Use the Accused Instrumentalities ............................................ 2

   C. Compliance With the Marking Statute Is a Question of Fact Not Suitable for Adjudication on a Motion to Dismiss ................................................................................................. 5

IV. Conclusion ........................................................................................................................ 7

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)..................................................................................6,7

*Dunlap v. Schofield*,
152 U.S. 244 (1894).......................................................................................................5

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)..........................................................................................2

*IMX Inc. v. Lending Tree LLC*,
469 F.Supp.2d 203 (D. Del. 2007)................................................................................5

*IMX Inc. v. Lending Tree LLC*,
C.A. No. 03-1067 (SLR), D.I. 225 (D. Del. Dec. 16, 2005)........................................6

*MACOM Tech. Sols. Holdings, Inc. v. Infineon Techs, AG*,
No. 2:16-cv-02859, 2017 U.S. Dist. LEXIS 178845
(C.D. Cal. Jun. 5, 2017) ................................................................................................4

*Skinner v. Switzer*,
562 U.S. 521 (2011).......................................................................................................1

*Soteria Encryption, LLC v. Lenovo United States, Inc.*,
2017 U.S. Dist. LEXIS 193922 (C.D. Cal. Feb. 27, 2017)..........................................4

**I.     NATURE AND STAGE OF PROCEEDINGS /**

On August 4, 2018, Express Mobile, Inc. ("Express Mobile" or "Plaintiff") filed a complaint for patent infringement against Liquid Web, LLC ("Liquid Web" or "Defendant") alleging infringement of U.S. Patent Nos. 6,546,397, 7,594,168.  (D.I. 1.)  On October 19, 2018 Express Mobile amended its complaint to include allegations of infringement of U.S. Patent Nos. 9,471,287 and 9,928,044.  (D.I. 8) (the "Amended Complaint").

On December 17, 2018, Liquid Web filed a Motion to Dismiss (D.I. 13) as well as its Opening Brief in Support of Its Motion to Dismiss (D.I. 14) (collectively, Liquid Web's "Motion").  This is Express Mobile's opposition to Liquid Web's Motion.

**II.    SUMMARY OF ARGUMENT**

Defendant's Motion should be denied because: (1) Defendant does in fact "use" Wordpress, one of the Accused Instrumentalities identified in Plaintiff's Amended Complaint; and (2) Defendant has not met its initial burden to put Plaintiff on sufficient notice regarding marking.

**III.   ARGUMENT**

   **A.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  The question resolved on a motion to dismiss under Rule 12(b)(6) is "whether [the] complaint was sufficient to cross the federal court's threshold"—the relevant question is *not* whether the plaintiff will ultimately prevail.  *See Skinner v. Switzer*, 562 U.S. 521, 530 (2011).  In evaluating a Rule 12(b)(6) motion to dismiss, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

      **B.**      **Defendant Does, In Fact, Use the Accused Instrumentalities**

Defendant argues that "Plaintiff has not explained how Liquid Web's alleged use . . . of third party website building tools such as WordPress and/or Drupal . . . practices the claimed method or provides the claimed system of the asserted patents." (D.I. 14 at 5.) Tellingly, Defendant's argument focuses solely on the procedural sufficiency of Express Mobile's allegations, but Defendant does not actually deny that it uses the Accused Instrumentalities. In fact, Defendant does appear to use Wordpress. Defendant's own website, which can be found at www.liquidweb.com, makes use, at least in part, of Wordpress, one of the Accused Instrumentalities identified in the Amended Complaint. (D.I. 8 at ¶¶ 19, 66.)

There are a number of publicly available resources to determine the technology underlying a particular website or web page. For example, https://builtwith.com/ enables a person to input a given URL and returns a list of technology the website was "built with." Utilizing this tool, a search for Defendant's website indicates that Wordpress was used, at least in part, in creating the web pages hosted at the URL www.liquidweb.com. (*See,* Ex. A at 5.)

A similar tool found at https://whatcms.org confirms this fact.



(*See also* Ex. B at 1.)

Contrary to Defendant's assertions, Express Mobile has alleged how use of Wordpress infringes one or more claims of the Express Mobile patents. The Amended Complaint states:

> Upon information and belief, Defendant has and continues to directly infringe at least claims 1-6, 8-11, 14-15, 24-25, 35, and 37 of the '397 patent by using a browser-based website and/or web page authoring tool in which the user-selected settings representing website elements are stored in a database, and in which said stored information is retrieved to generate said website (the "Accused Instrumentalities").

(D.I. 8 at ¶ 19; *see also* ¶¶ 21-40, 49-56, 73-76, 91-94, 111-169, and 182-235.)

Defendant also asserts that various links to third party websites, as well as citations to Liquid Web's own marketing materials related to the accused instrumentalities, are somehow insufficient to substantiate claims for direct infringement. (D.I. 14 at 6.) In support, Defendant

3

cites to *MACOM Tech. Sols. Holdings, Inc. v. Infineon Techs, AG*, No. 2:16-cv-02859, 2017 U.S. Dist. LEXIS 178845 (C.D. Cal. Jun. 5, 2017).

Defendant's reliance on *MACOM* is misplaced, as that case is readily distinguishable.  In *MACOM*, the counterclaim-plaintiff relied **solely** on MACOM's general marketing claims to assert infringement.  Key to the *MACOM* court's decision was that the disputed technology was complex and highly technical, but the allegations were silent as to how the technology functioned.  *MACOM*, 2017 U.S. Dist. LEXIS 178845 at *14.  "Americas must allege a factual basis from which one might plausibly conclude that MACOM has infringed Americas' patents." *Id.* at *14.

This contrasts with Express Mobile's allegations in the Amended Complaint.  Defendant concedes that the Amended Complaint "sets out copious descriptions of each claim of the asserted patents allegedly infringed by Liquid Web[.]"  (D.I. 14 at 6.)  Moreover, the Amended Complaint cites to considerable detail regarding how Liquid Web infringes through the use of tools such as Wordpress.  (D.I. 8 at ¶¶ 21-40, 49-56, 72-76, 91-94, 111-169, and 182-235.)

> Data is stored in a database, including information corresponding to user selected settings such as, for example, the selections of text color.  Other user selections are also stored including, for example, the layout, image filenames, thumbnails, and paragraph margin settings for defining the alignment of an image location.  The Accused Instrumentalities build one or more web pages to generate a website from at least a portion of a database and at least one run time file, where at least one run time file utilizes information stored in said database to generate virtual machine commands for the display of at least a portion of said one or more web pages.

(D.I. 8 at ¶ 31.)  Those allegations are exactly the type of factual support courts have found to support a plausible claim of infringement.  *See, e.g., Soteria Encryption, LLC v. Lenovo United States, Inc.*, 2017 U.S. Dist. LEXIS 193922 at *5 (C.D. Cal. Feb. 27, 2017) ("Plaintiff has pleaded how Defendant infringes the patent and how [the] accused products meet the specific claim limitations.  This is sufficient to survive a motion to dismiss[.]").

4

Defendant's attack that Express Mobile cites to Liquid Web's marketing pages misses the point. Here, there is substantial additional evidence showing infringement. Indeed, Defendant does not actually deny that it uses one or more of the Accused Instrumentalities, and as demonstrated above, Liquid Web does, in fact, use Wordpress. These facts are sufficient to allege infringement. If the Court somehow deems the existing pleading insufficient, Express Mobile requests that it be permitted to amend its pleadings to cite this additional evidence establishing Defendant's use of Wordpress.

Accordingly, because Defendant has, in fact, used at least one of the identified Accused Instrumentalities, Defendant's Motion should be denied. In the alternative, Express Mobile requests that it be allowed to amend its pleadings.

### C. Compliance With the Marking Statute Is a Question of Fact Not Suitable for Adjudication on a Motion to Dismiss

Compliance with marking is a question of fact, and is not suitable for adjudication on a motion to dismiss. Whether or not Express Mobile actually sells products covered by the asserted patents is a matter peculiarly within Express Mobile's own knowledge. *See Dunlap v. Schofield*, 152 U.S. 244, 248 (1894). Defendant asserts that "Express Mobile has failed to plead compliance with the marking statute by failing to allege that it and its licensees, if any, have complied with the marking statues." (D.I. 14 at 8.) In support of its argument, Defendant relies on *IMX Inc. v. Lending Tree LLC*, 469 F.Supp.2d 203 (D. Del. 2007) and asserts that marking is required if the patent owner sold the patented system over the internet. (D.I. 14 at 7.)

Tellingly, Defendant does not allege that Express Mobile sold a patented system over the internet. Instead, Defendant points out that the asserted patents are rooted in computerized website creation technology and rooted in computerized generation of content on a display of a device. (D.I. 14 at 7.) Defendant further points out that Express Mobile has contended that it is

5

a practicing entity offering solutions related to website and web app publication.  (D.I. 14 at 7.)  Finally, Defendant alleges that Express Mobile does not provide a single link to its own website, or a website of at least one of its licensees that even mentions the asserted patents.  (D.I. 14 at 7.)  From this, Defendant somehow concludes that if any such website does exist, then it is intrinsic to the patented system and constitutes a tangible item to be marked.  Defendant's logic is faulty.

Nothing in Defendant's arguments establish that Express Mobile had any obligation to mark.  This is because Express Mobile does not practice its patents.  Consistent with the position it has previously taken, Express Mobile has alleged that due to an automobile accident sustained by its CEO, Express Mobile has had *limited business operations*, but, has *continued to explore opportunities* to develop innovative technology solutions internally, with its directors, and with its licensees, to address current and future market needs.  Express Mobile does not currently sell products that practice its patents.  (Rempell Decl. at ¶ 5.)

Furthermore, the *IMX* case relied upon by Liquid Web is readily distinguishable from this case.  In *IMX*, a full factual record had been developed enabling the court to determine that IMX had offered a product, the IMX Exchange system, that was the commercial embodiment of its patented invention.  *IMX Inc. v. Lending Tree LLC*, C.A. No. 03-1067 (SLR), D.I. 225 at *9 (D. Del. Dec. 16, 2005).  The IMX Exchange system was accessible and used through IMX's website.  Defendant does not, allege that Express Mobile has offered a commercial embodiment of its patents that is accessed and used through its website.  Nor does it make this allegation of any purported licensee's website.

Tellingly, unlike other defendants who have raised marking as an issue, Defendant Liquid Web does not cite to *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).  This recent Federal Circuit case confirms that in order to properly raise the marking issue, an alleged infringer must identify products it alleges are subject to marking.

"Permitting infringers to allege failure to mark without identifying any products could lead to a large scale fishing expedition and gamesmanship." *Id.* at 1368. Defendant here has not identified *any* products, either of Express Mobile's or any purported licensee, that it alleges should have been marked.

Whether or not Express Mobile or its licensees marked products is a factual matter that should be decided only after the factual record has been developed. Accordingly, Defendant's motion should be dismissed.

## IV. CONCLUSION

Defendant's Motion to Dismiss should be denied or, in the alternative, Express Mobile requests that it be permitted to amend its pleadings.

Dated: January 25, 2019                    DEVLIN LAW FIRM LLC

/s/ *Timothy Devlin*
Timothy Devlin (DE 4241)
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
(302)-449-9010
tdevlin@devlinlawfirm.com
*Counsel for Express Mobile, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic filing on January 25, 2019.

/s/ *Timothy Devlin*
Timothy Devlin