IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXPRESS MOBILE, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIQUID WEB, LLC, <br><br> Defendant. | Civil Action No. 1:18-cv-01177-RGA |
| EXPRESS MOBILE, INC., <br><br> Plaintiff, <br><br> v. <br><br> NAMECHEAP INC., <br><br> Defendant. | Civil Action No. 1:18-cv-01181-RGA |

**MEMORANDUM ORDER**

Presently before me are Defendants' Motions to Dismiss. (C.A. 18-1177, D.I. 13; C.A. 18-1181, D.I. 27). The Parties have briefed the issues. (C.A. 18-1177, D.I. 14, 16, 21; C.A. 18-1181, D. I. 28, 30, 34). For the reasons set out below, I will grant Defendants' motions as to past damages and deny their motions as to direct infringement.

Plaintiff filed these lawsuits on August 4, 2018. It alleges that Defendants infringe U.S. Patent Nos. 6,546,397, 7,594,168, 9,471,287, and 9,928,044 through their use of certain website building tools such as Drupal, Wordpress, or Joomla ("Accused Instrumentalities"). (*See* C.A. 18-1177, D.I. 8; C.A. 18-1181, D.I. 16).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56

1

(2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

To satisfy the *Iqbal* pleading standard in a patent case, "[s]pecific facts are not necessary." *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The Complaint need only give defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." *Id.*

Defendant Liquid Web, LLC argues that the direct infringement claims of the 76-page First Amended Complaint ("FAC") should be dismissed for failure to meet the facial plausibility standard. (C.A. 18-1177, D.I. 14 at 4-6). It admits that Plaintiff "sets out copious descriptions of each claim of the asserted patents allegedly infringed by Liquid Web with reference to webpages found on [the Accused Instrumentalities'] respective websites and other third party websites." (*Id.* at 6). It argues, however, that Plaintiff has failed to show that Liquid Web uses or provides the Accused Instrumentalities. (*Id.*). Plaintiff responds that the FAC specifically alleges, as to

each Patent, that Liquid Web infringes by using the Accused Instrumentalities. (C.A. 18-1177, D.I. 16 at 3; *see* C.A. 18-1177, D.I. 8 at ¶¶ 19, 89, 110, 181). Plaintiff supports its allegation that Liquid Web uses the accused instrumentalities by referencing links to the Accused Instrumentalities' websites on Liquid Web's site. (*Id.*).

Plaintiff's allegations are sufficient to meet the facial plausibility standard. It is normal business practice to test products prior to and while advertising them to customers. It is undisputed that Liquid Web advertises the Accused Instrumentalities and, therefore, plausible that it has used, and continues to use, them. Thus, I will deny Liquid Web's motion to dismiss Plaintiff's direct infringement claims.[1]

Defendant Namecheap Inc.'s argument for dismissal of Plaintiff's direct infringement claims are indistinguishable from Liquid Web's. (*Compare* C.A. 18-1181, D.I. 28 at 5-7, *with* C.A. 18-1177, D.I. 14 at 4-6). Thus, I will also deny Namecheap's motion to dismiss Plaintiff's direct infringement claims.[2]

Defendants separately note that Plaintiff has failed to plead compliance with the marking statute. (C.A. 18-1177, D.I. 14 at 7-8; C.A. 18-1181, D.I. 28 at 7-10). They argue that this is a basis to dismiss Plaintiff's claims to the extent that they seek past damages. 35 U.S.C. § 287(a) requires that a patentee who makes or sells a patented article mark the articles to recover past damages. It is the patentee's burden to plead compliance with § 287(a). *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). Plaintiff avers that

---

[1] Plaintiff improperly included a screenshot of a content management service detection website, https://builtwith.com, as evidence that Liquid Web uses WordPress. (C.A. 18-1177, D.I. 16 at 2-3). I have not considered this new evidence in resolving this motion.

[2] Plaintiff improperly included a screenshot of a content management service detection website, https://builtwith.com, as evidence that Liquid Web uses WordPress. (C.A. 18-1181, D.I. 30 at 2-3). I have not considered this new evidence in resolving this motion.

3

there is no evidence that there was anything for it to mark, but does not argue that it pled compliance. (*See* C.A. 18-1177, D.I. 16 at 5-7; C.A. 18-1181, D.I. 30 at 5-6). At the motion to dismiss stage, I am only concerned with the sufficiency of the claims. A claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all. Thus, as Plaintiff has failed to state a claim for past damages, I will grant Defendants' motions.

Defendants' Motions to Dismiss (C.A. 18-1177, D.I. 13; C.A. 18-1181, D.I. 27) are **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's claims for past damages are dismissed.

Entered this 15 day of April 2019.

*[signature]*
United States District Judge